**FILED**
**MAY 1 2 2011**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

AO 451 (Rev. 01/09) Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the
District of Delaware

Case: 1:11-mc-00279
Assigned To : Unassigned
Assign. Date : 5/12/2011
Description: Miscellaneous

| | |
|---|---|
| Hesco Bastion Limited | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 08-266-GMS |
| ACS Holdings USA, LLC, et al., | ) |
| *Defendant* | ) |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* ___04/15/2011___.

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court and that no appeal has been filed or, if one was filed, that it is no longer pending.

Date:  05/04/2011

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

RECEIVED
MAY 12 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HESCO BASTION LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-266 GMS |
| | ) | |
| ACS HOLDINGS USA, LLC, | ) | |
| ACS CONTRACTING SERVICES LTDA., | ) | |
| and ARQUITECSA LTDA., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

WHEREAS, plaintiff, Hesco Bastion Limited ("Hesco"), moved for an Order for a default judgment against defendants, ACS Holdings USA, LLC, and ACS Contracting Services Ltda. (collectively, "ACS"), pursuant to, *inter alia*, Fed. R. Civ. P. 16(f) and 55 and Local Rule 1.3.

WHEREAS, this is an action for infringement of U.S. Patent No. 5,333,970 (the "'970 patent") and U.S. Patent No. 5, 472, 297 (the "'297 patent"); infringement of Hesco's trademark "Mil", serial number 78574318, registration number 3219415, filed February 24, 2005; violation of Section 43(a) of the Lanham Act; and civil conspiracy. The complaint was filed on May 5, 2008, and the amended complaint was filed on June 9, 2009.

WHEREAS, Hesco alleged that it owns two U.S. patents pertaining to ACS' accused products – the '970 patent and the '297 patent. (D.I. 40 ¶¶ 18-19 & Exs. 1-2.) Hesco's amended complaint alleges that ACS has made, used, sold, and/or offered for sale products (referred to as "Milibastions") embodying the patented invention, thereby infringing, directly or indirectly, literally or under the doctrine of equivalents, one or more claims of the '970 and '297 patents, and will continue to do so unless enjoined. (*Id.* ¶¶ 31, 32, 45-56.) ACS' infringement of both

1

patents has been willful. (*Id.* ¶¶ 49, 55.) Hesco has been irreparably harmed by ACS' acts of patent infringement and has suffered damages. (*Id.* ¶¶ 50, 56.)

WHEREAS, Hesco also alleged that ACS has infringed and is infringing Hesco's trademark rights under Section 32 of the Lanham Act, 15 U.S.C. § 1114, by using in commerce a trademark confusingly similar to Hesco's federally registered "Mil" mark, in connection with ACS' sale, offering for sale, distribution, and advertising of its goods or services. (*Id.* ¶¶ 21, 69-73 & Ex. 3.) Such infringement has been willful. (*Id.* ¶ 71.) Hesco uses the "Mil" trademark in its business and it has substantial goodwill in the trademark. Hesco has been irreparably harmed by ACS' acts of trademark infringement and has suffered damages. (*Id.* ¶¶ 72-73.)

WHEREAS, Hesco further alleged that ACS violated § 43(a) of the Lanham Act. ACS' products are used, sold, and/or offered for sale in interstate and foreign commerce. (*Id.* ¶¶ 79-83.)

WHEREAS, on an application for a default judgment, the factual allegations in the complaint are taken as true. *See, e.g., Pope v. United States*, 323 U.S. 1, 12 (1944); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *Chanel Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008).

WHEREAS, ACS, represented in this case by attorneys from Greenberg Traurig LLP ("Greenberg"), filed answers denying Hesco's substantive allegations and asserting counterclaims against Hesco.

WHEREAS, ACS never submitted any expert report to support non-infringement. Nor did it submit any expert report to rebut the report and testimony of Hesco's expert, Dr. Frederick George Hulton, that the accused products were within the scope of the asserted claims of the

patents-in-suit and that ACS' use of Hesco's trademark was likely to cause confusion. (D.I. 102.)

WHEREAS, Hesco asserted that the accused products infringed at least claims 1, 2, 11, 19, 20, 22, and 25 of the '970 patent and claims 1, 2, and 8 of the '297 patent. ACS presented no expert testimony to rebut Hesco's allegation.

WHEREAS, on February 4, 2009, the court entered a Scheduling Order requiring the parties to file the joint proposed final pretrial order and all briefing on any motions *in limine* by April 30, 2010, and setting the pretrial conference for May 26, 2010 and the jury trial to begin on June 24, 2010. (D.I. 20.)

WHEREAS, in compliance with the court's Order and applicable rules, on March 31, 2010, Hesco provided ACS with required drafts of the Joint Proposed Pretrial Order, including drafts if the final pretrial order, voir dire questions, preliminary and final jury instruction, Hesco's trial exhibits, Hesco's witness list, the statement of qualifications of Hesco's expert, Hesco's description designations, and proposed stipulated facts and issues of fact and law.

WHEREAS, ACS failed to cooperate with Hesco in connection with required pretrial activities. ACS ignored Hesco's drafts of pretrial papers and did not provide Hesco with any timely response to those drafts by April 15, contrary to the Scheduling Order and the Local Rules. On April 16, Hesco's counsel contacted ACS' counsel to ask if ACS would be providing any comments or modifications to the pretrial drafts. Neither ASC nor counsel responded to that inquiry.

WHEREAS, in order to comply with the court's February 4, 2009 Scheduling Order, opening motions *in limine* would be filed and served on April, 9, 2010, with responses due on

April 19 and replied due April 29. Hesco timely filed five motions *in limine*. (D.I. 102-106.) ACS filed no response to Hesco's motions. (D.I. 110.)

WHEREAS, on April 16, 2010, Greenberg filed a motion to withdraw as counsel. (D.I. 107.) In its motion, Greenberg represented to the court that Greenberg had not been paid by ACS in more than a year, and that ACS is "destitute" and will be unable to pay Greenberg for any further legal work. Hesco filed a response to Greenberg's motion to withdraw, indicating that it would file a motion for sanctions against ACS. (D.I. 111.)

WHEREAS, on April 29, 2010, the court held a telephone conference with counsel regarding Greenberg's motion to withdraw. No substitute counsel appeared for ACS. During the conference, counsel for ACS, Mark Hogee, stated that ACS lacked funds to pay Greenberg, had no cash flow, and that ACS shut down its business in Bogatá, Columbia. Mr. Hogee further stated that there was no reason to believe that ACS had the ability to obtain substitute counsel to act in this case. The court issued oral orders granting the motion to withdraw as counsel and staying the case. (Tr. at 7-8.)

WHEREAS, on May 4, 2010, Hesco filed its motion for sanctions against ACS, including a default judgment ("motion for default"). (D.I. 113.) The motion was unopposed. (D.I. 116.)

WHEREAS, on January 5, 2011, the court issued an Order to Show Cause as to why the clerk should not enter default against ACS for failure to defend. (D.I. 117.)

WHEREAS, the court received a letter from ACS dated January 15, 2011, wherein ACS stated that it had no funds to hire substitute counsel. (D.I. 118.)

WHEREAS, on February 2, 2011, Hesco responded to ACS' letter and requested the issuance of a default judgment. (D.I. 119.)

WHEREAS, on February 28, 2011, the clerk entered default as to the two ACS defendants. (D.I. 121.)

WHEREAS, on March 30, 2011, the court held a hearing on Hesco's motion for a default judgment, at which it admitted evidence and heard statements of counsel in support of the relief sought by Hesco.

NOW, THEREFORE, this 14th day of April, 2011, the court having considered Hesco's motion for default, IT IS HEREBY ORDERED that:

1. Hesco's motion for default (D.I. 113) is GRANTED;

2. A default judgment pursuant to Fed. R. Civ. P. 55(b) be entered against ACS in favor of Hesco on all claims, defenses and counterclaims in this case;

3. The court finds that ACS' accused products infringed at least claims 1, 2, 11, 19, 20, 22, and 25 of the '970 patent and claims 1, 2, and 8, of the '297 patent;

4. The court finds that ACS infringed Hesco's trademark "Mil" (Ser. No. 78574318, Reg. No. 3219415);

5. The court awards the trademark registrant Hesco willful infringement statutory damages of $2,000,000, pursuant to 15 U.S.C. § 1117(c) and the Prioritizing Resources and Organization for Intellectual Property Act of 2008 § 104, Public Law 110-403, 122 Stat. 4256 (October 13, 2008);

6. ACS and its respective employees, agents, officers, directors, attorneys, licensees, successors, and assigns, and all other persons acting on behalf of or in concert and participation with any of them (including without limitation, Albert Christman, Ryan Christman, Vivan A. Christman, and Louis Pargiolas), are hereby restrained and permanently enjoined from making, using, offering to sell, or selling, within the United

States or importing into the United States, any accused products, or any other product used in a method, that meets the limitations of any of the claims of the '970 and '297 patents and from infringing, directly or indirectly (by inducement or contributory infringement), literally or under the doctrine of equivalents, any claim of the '970 and '297 patents;

7. ACS and its respective employees, agents, officers, directors, attorneys, licensees, successors, and assigns, and all other persons acting on behalf of or in concert and participation with any of them (including without limitation, Albert Christman, Ryan Christman, Vivan A. Christman, and Louis Pargiolas), are hereby restrained and permanently enjoined from infringing any trademark owned by Hesco, including without limitation, the federally registered "Mil" mark (Ser. No. 78574318, Reg. No. 3219415) and any common law trademark, either directly or contributorily, in any manner, including any and all use of "Milibastions" in connection with any bastion or gabion product, method or service;

8. ACS and its respective employees, agents, officers, directors, attorneys, licensees, successors, and assigns, and all other persons acting on behalf of or in concert and participation with any of them (including without limitation, Albert Christman, Ryan Christman, Vivan A. Christman, and Louis Pargiolas), are hereby restrained and permanently enjoined from engaging in any acts or practices in violation of the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, including without limitation, in connection with ACS' goods or services, using one or more words, terms, names, symbols, or devices, alone or in combination, as well as false designations or origin, false or misleading descriptions or representations of facts, which are (i) likely to cause confusion, or to cause mistake, or to

deceive as to the affiliation, connection, or association of ACS with Hesco, or as to the origin, sponsorship, or approval of its goods, services, or commercial activities by another person and/or (ii) in commercial advertising or promotion (including without limitation its website), to misrepresent the nature, characteristics, qualities, or geographic origin of its or Hesco's goods, services, or commercial activities;

9. ACS shall pay Hesco's reasonable attorneys' fees for patent infringement (35 U.S.C. § 285) and trademark infringement (15 U.S.C. § 1117(a)) in the amount of $1,954,391.08, as set forth in Hesco Hearing Exhibit 1 (admitted at the March 30, 2011 hearing);

10. ACS shall pay Hesco's costs pursuant to Fed. R. Civ. P. 54(d) as set forth in Hesco's Bill of Costs (filed March 31, 2011); and

11. The court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this this Order.

CHIEF, UNITED STATES DISTRICT JUDGE